UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS DONALD,

                Plaintiff,         Civil Action No. 14-11621
                                        Honorable Laurie J. Michelson
                                        Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [10, 14]**

Plaintiff Demetrius Donald ("Donald") brings this action pursuant to 42 U.S.C. §405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions [10, 14] which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

### I.    RECOMMENDATION

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Donald is not disabled under the Act. Accordingly, the Court recommends that the Commissioner's Motion for Summary Judgment [14] be GRANTED, Donald's Motion for Summary Judgment [10] be DENIED, and that, pursuant to sentence four of 42 U.S.C. §405(g), the ALJ's decision be AFFIRMED.

## II.   REPORT

### A.   Procedural History

On January 25, 2012, Donald filed applications for DIB and SSI, alleging a disability onset date of August 29, 2011. (Tr. 133-45). These applications were denied initially on April 20, 2012. (Tr. 59-83). Donald filed a timely request for an administrative hearing, which was held on December 27, 2012, before ALJ Anne Sharrard. (Tr. 32-58). Donald, who was represented by attorney James Smith, testified at the hearing, as did vocational expert Julie Bose. (*Id.*). On January 19, 2013, the ALJ issued a written decision finding that Donald is not disabled. (Tr. 17-26). On February 25, 2014, the Appeals Council denied review. (Tr. 1-3). Donald filed for judicial review of the final decision on April 23, 2014. (Doc. #1).

### B.   Framework for Disability Determinations

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §1382c(a)(3)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled

>regardless of age, education, or work experience.
>
>Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. §404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**C.     Background**

   *1.     Plaintiff's Reports and Testimony*

At the time of the administrative hearing, Donald was 26 years old.  (Tr. 38-39).  He lived in a house with his mother.  (Tr. 39, 164).  He completed the twelfth grade and had "some college experience."  (Tr. 39, 159).  Donald testified that he has not worked since August 29, 2011, because he can "barely lift" his left arm.  (Tr. 40, 45, 158).  Prior to that, he worked as a cashier, engine assembler, and parts sorter.  (Tr. 159).

In 2007, Donald was shot four times, twice in the left thigh and twice in the left elbow.  (Tr. 46).  He had surgery on his left elbow, which he says was "shattered," and a plate and pins were put in place.  (Tr. 46-47).  Subsequently, Donald was able to return to work, until he "bumped" his elbow on a table in 2011, which apparently caused some of the pins to break.  (Tr. 41).  Since then, his arm "locks up" and he experiences a painful "burning sensation," for which he takes Lorcet.  (Tr. 41, 45, 52, 164).  Donald testified that he needs another surgery to repair his elbow, but he must pay for this out-of-pocket and cannot afford to do so.  (Tr. 47-48).

Donald also testified that he can lift 50-60 pounds using just his right arm and no more than 5 or 10 pounds with his left arm.[1] (Tr. 48-49). He is able to use his left hand to pick up a paperclip and help with buttoning; however, if he moves his left hand too much, it cramps up. (Tr. 49-50). According to Donald, he is able to perform household chores (such as sweeping and mopping the floor) with his right arm, drive his children to school, prepare his own meals, do laundry, mow the lawn, and go shopping. (Tr. 50-51, 165-67). He has no problem with personal care. (Tr. 165). He has been arrested "various times" for unpaid child support and possession of marijuana. (Tr. 52).

### 2. *Medical Evidence*

The Court has thoroughly reviewed Donald's medical record. In lieu of summarizing his medical history here, the Court will make references and provide citations to the record as necessary in its discussion of the parties' arguments.

### 3. *Vocational Expert's Testimony*

Julie Bose testified as an independent vocational expert ("VE") at the administrative hearing. (Tr. 53-58). The ALJ asked the VE to imagine a claimant of Donald's age, education, and work experience, who could perform medium work with his right (dominant) upper extremity but could lift only five to ten pounds with his left (non-dominant) extremity; could sit for six hours and stand/walk for six hours in an eight-hour workday; and could occasionally reach in all directions, handle, and finger with the left (non-dominant) upper extremity. (Tr. 55-56). The VE testified that the hypothetical individual would not be capable of performing Donald's past relevant work. (*Id.*). However, the VE testified that the hypothetical individual would be capable of working in the jobs of cleaner II (3,100 jobs in the state of Michigan),

---

[1] In a March 2, 2012, function report, Donald indicated that he could lift "about 75 pounds." (Tr. 169).

industrial cleaner (1,800 jobs), and greeter (850 jobs). (Tr. 56-57).

### D. The ALJ's Findings

Following the five-step sequential analysis, the ALJ found that Donald is not disabled under the Act. At Step One, the ALJ found that Donald has not engaged in substantial gainful activity since August 29, 2011, the alleged onset date. (Tr. 19). At Step Two, the ALJ found that Donald has the severe impairments of "status post left elbow injury due to gunshot wound with fracture in metal plate" and hypertension. (Tr. 19-20). At Step Three, the ALJ found that Donald's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 20).

The ALJ then assessed Donald's residual functional capacity ("RFC"), concluding that he is capable of performing medium work with his right (dominant) upper extremity but can lift only five to ten pounds with his left (non-dominant) extremity; can sit for six hours and stand/walk for six hours in an eight-hour workday; and can occasionally reach in all directions, handle, and finger with the left (non-dominant) upper extremity. (Tr. 20-24).

At Step Four, the ALJ determined that Donald is unable to perform his past relevant work. (Tr. 24). At Step Five, the ALJ concluded, based in part on the VE's testimony, that Donald is capable of performing a significant number of jobs that exist in the national economy. (Tr. 24-25). As a result, the ALJ concluded that Donald is not disabled under the Act. (Tr. 25).

### E. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. §405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact

5

unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by

substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion'").

**F.      Analysis**

     *1.      Waiver*

It is difficult to discern Donald's specific arguments in support of his motion for summary judgment. His motion consists almost entirely of a compilation of quotations of black letter case law, with little accompanying analysis or application of that law to the facts of his case. Donald does assert (in a heading in his brief) that the ALJ erred in "assessing [his] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [his] impairments." (Doc. #10 at 6). But, Donald does not explain with any particularity whatsoever <u>which</u> medical records the ALJ purportedly "fail[ed] to properly evaluate," or <u>why</u> the ALJ should not have discounted his credibility, or <u>how</u> the ALJ's hypothetical was deficient. (*Id.*).

Indeed, although Donald provides a factual recitation of certain portions of his testimony and medical record (*Id.* at 10-11), he does not actually allege that the ALJ erred in evaluating any specific piece of evidence. Donald's brief is similar to one his counsel filed in another matter, *Burger v. Comm'r of Soc. Sec.*, 2013 WL 2285375 (E.D. Mich. May 23, 2013), which the court found to present no non-waived issue. And, on March 24, 2014, Chief Judge Rosen issued a scathing commentary on Donald's counsel's approach to his clients' summary judgment briefs:

7

> … [T]his reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel. In light of this lamentable record of filing one-size-fits-all briefs and inviting the Judges of this District to formulate arguments and search the record on his clients' behalf, Plaintiff's counsel is strongly cautioned that this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

*Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1, n. 1 (E.D. Mich. Mar. 24, 2014) (internal citations omitted). The Court notes that Donald's brief in the instant case – which was filed <u>after</u> issuance of the *Fielder* opinion – is yet another "one-size-fits-all" brief, containing the same "conclusory allegations" and "absence of developed argument" that Chief Judge Rosen found wholly insufficient in *Fielder*. Here, then, the Court could find that Donald has waived any argument he has that the ALJ erred in finding him not disabled under the Act. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotations omitted). Nonetheless, in the interest of ensuring that Donald's claim for benefits is fairly considered, the Court will endeavor to address the arguments alluded to in Donald's motion.

        2.     *Credibility*

It appears that Donald challenges the ALJ's determination that he was not fully credible regarding his left arm impairment, asserting that "the medical record supports" his testimony. (Doc. #10 at 10-11). In making this assertion, Donald ignores the reasons articulated by the ALJ for finding him less than fully credible, and he does not cite any medical evidence that the ALJ failed to properly consider. As set forth below, the ALJ reasonably discounted Donald's

8

allegations of disabling limitations because they were inconsistent with the objective medical evidence and the record as a whole. (Tr. 20-24).

As the Sixth Circuit has held, determinations of credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ is not simply required to accept the testimony of a claimant if it conflicts with medical reports and other evidence in the record. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Rather, when a complaint of pain or other symptom is in issue, after the ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, she must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians … and any other relevant evidence in the case record" to determine if the claimant's claims regarding the severity of his symptoms are credible. *Soc. Sec. Rul.* 96-7, 1996 WL 374186, at *1 (July 2, 1996); *see also* 20 C.F.R. §416.929.

As an initial matter, the ALJ appears to have credited – and incorporated into the RFC – the vast majority of Donald's statements regarding his symptoms. For example, Donald testified that he can lift up to 60 pounds with his dominant right arm (Tr. 48), and the ALJ limited him to medium work with that arm (meaning that he can perform work involving lifting no more than 50 pounds at a time, with frequent lifting or carrying of objects weighing up to 25 pounds) (Tr. 20). *See* 20 C.F.R. §404.1567(c). Similarly, Donald testified that he can lift five to ten pounds

9

with his left arm (Tr. 29), and the ALJ specifically incorporated this limitation into the RFC as well (Tr. 20).[2] Donald also testified that standing for eight straight hours would cause him left leg pain (Tr. 48), and, accordingly, the ALJ limited him to no more than six hours of standing in an eight-hour workday (Tr. 20). Indeed, Donald has failed to explain with any specificity which of his statements the ALJ failed to credit, or what additional limitations he believes should have been incorporated into the RFC.[3]

In addition, a review of the record provides substantial support for the ALJ's credibility determination. In evaluating Donald's credibility, the ALJ noted that his allegations of disabling limitations were not consistent with his reported daily activities. (Tr. 21-23). For example, the ALJ noted that Donald is able to perform household chores (such as sweeping and mopping the floor) with his right hand, drive his children to school, prepare his own meals, do laundry, mow the lawn, and go shopping. (Tr. 21, 23, 50-51, 165-67). The ALJ also noted that Donald can use his left hand to assist with buttoning shirts, can reach his left arm overhead, and can change a light bulb with his left hand. (Tr. 21-23, 48-49). It was appropriate for the ALJ to consider these facts in assessing the credibility of Donald's allegations of disability. *See* 20 C.F.R. §416.929(c)(3)(i) (an ALJ may consider a claimant's activities of daily living in evaluating credibility); *see also Walters*, 127 F.3d at 532 (an ALJ may consider household and social

---

[2] To the extent Donald is arguing that because his left arm is much weaker than his right, he is precluded from all work, such an argument fails. *See Jones v. Comm'r of Soc. Sec.*, 1997 WL 413641, at *2-3 (6th Cir. July 17, 1997) (affirming ALJ's decision that the claimant was capable of performing light work using only one hand); *Holmes v. Comm'r of Soc. Sec.*, 2013 WL 6094629, at *2 (E.D. Tenn. Nov. 20, 2013) (affirming decision that "essentially one-armed" claimant was not disabled); *Bryant v. Comm'r of Soc. Sec.*, 2013 WL 5406674, at *5 (N.D. Ohio Sept. 25, 2013) (affirming decision that claimant was not disabled despite having only the full use of one arm).

[3] For this reason alone, Donald's credibility argument could be deemed waived. *See, e.g, Stokes v. Colvin*, 2014 WL 4773956, at *9 (E.D. Mich. Sept. 24, 2014) ("Plaintiff's counsel's repeated failure to set forth factually specific, discernible, sound legal analyses in his briefing to this Court compels the waiver of any such arguments.").

activities in evaluating the claimant's assertion of pain).  Thus, Donald's own reported activities undermine his claim of disabling limitations.

In the face of this evidence, Donald relies primarily on own his testimony and his subjective complaints to physicians.  (Doc. #10 at 10-11).  However, even where there is "objective medical evidence of an underlying medical condition … an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r. of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003).  Donald does point to a few pieces of medical evidence, which certainly appear to be consistent with some level of left arm impairment and pain.  (Doc. #10 at 10-11).  For instance, there appears to be no question that, in 2007, he was shot, fracturing his elbow and requiring surgery to install a plate and pins.  (*Id.* at 10; Tr. 226).  On August 30, 2011, he presented to the emergency room, complaining of pain after he re-injured this elbow.  (Tr. 199).  X-rays revealed a break within the metallic plate that previously had been surgically inserted in his elbow.  (Tr. 201, 204).  On September 6, 2011, Donald's primary care physician, Dr. Castillo, opined that he could not return to work until he had surgery to remove the fractured plate in his elbow.  (Tr. 208).  Subsequently, Donald continued to follow up with Dr. Castillo, who noted that he exhibited edema and tenderness in his left elbow and that movement of the elbow caused pain.  (Tr. 218, 226).  What Donald fails to acknowledge, however, is that the ALJ specifically considered this medical evidence, noting that she found his subjective allegations "generally credible given the objective findings of edema, tenderness, and a diagnostic evaluation showing a break in his metallic plate."  (Tr. 23).  Donald has not explained why the objective medical evidence he cites would require any greater limitations than those imposed by the ALJ in her RFC finding (or what those limitations would be).

Donald also mentions Dr. Castillo's opinion that he was disabled "secondary to his inability to use his left arm for [any] purpose."[4] (Doc. #10 at 11 (citing Tr. 227)). However, the ALJ explicitly considered Dr. Castillo's opinion and gave good reasons for giving it "no weight." (Tr. 23 (citing Tr. 227)). Specifically, the ALJ noted that Dr. Castillo's opinion on the ultimate issue of disability was not due any specific deference, as the question of whether an individual is disabled under the Act is an issue reserved to the Commissioner. (Tr. 23 (citing 20 C.F.R. §§404.1527(e) and 416.927(e)). The ALJ also indicated that there is no rule or regulation that states an individual is fully disabled simply because he is unable to fully use one of his upper extremities. (Tr. 23). And, Dr. Castillo's opinion that Donald's left arm was essentially useless (Tr. 269) is directly contradicted by Donald's own testimony that he can lift up to ten pounds with this arm, and can use it to perform tasks such as buttoning clothing, changing a light bulb, and picking up small items (Tr. 49-50). Donald has not challenged the reasons articulated by the ALJ for discounting Dr. Castillo's opinion, and her decision to afford this opinion no weight is supported by substantial evidence.

Moreover, the mere fact that certain aspects of the medical record are consistent with the claimant's alleged impairment does not necessitate a finding that the claimant was fully credible regarding *the extent* of his symptoms caused by the impairment. This is precisely why the ALJ must consider and weigh "the entire case record, including the objective medical evidence, the

---

[4] Although Donald provides the Court with nearly three pages of black letter law regarding the treating physician rule, and he mentions his treating physician's opinion in passing, he does not actually argue that the ALJ violated the treating physician rule in assigning Dr. Castillo's opinion no weight. (Doc. #10 at 12-14). His failure to even make – let alone fully develop – an argument regarding application of the treating physician rule constitutes a waiver of any argument he might otherwise have had on this issue. *See Terrell v. Comm'r of Soc. Sec.*, 2013 WL 5178541, at *9 (E.D. Mich. Sept. 10, 2013) ("[P]laintiff cannot simply make the claim that the ALJ committed an error, while leaving it to the Court to scour the record to support this claim."). At any rate, as discussed more fully herein, the ALJ gave good reasons for discounting Dr. Castillo's opinion.

individual's own statements about symptoms, statements and other information provided by treating or examining physicians … and any other relevant evidence in the case record" to determine if the claimant's claims regarding the severity of his symptoms are credible. *Soc. Sec. Rul.* 96-7, 1996 WL 374186, at *1 (July 2, 1996); *see also* 20 C.F.R. §416.929. Here, the ALJ determined, based on a review of *all* of the medical evidence, Donald's activities of daily living, and the other evidence discussed above, that Donald was partly credible to the extent his claimed level of impairment did not exceed the RFC determined by the ALJ. (Tr. 22-23). Again, Donald has not shown why the ALJ's overall evaluation of the evidence is in any way erroneous.

For all of these reasons, the Court finds that Donald has not shown a "compelling reason" to disturb the ALJ's credibility determination. *Smith*, 307 F.3d at 379. Here, where the ALJ gave a reasonable explanation for discounting Donald's credibility, and that explanation is supported by substantial evidence, her credibility finding should not be disturbed.

### 3. Adequacy of the Hypothetical

Donald also asserts in his brief that "for a response to a hypothetical question to constitute substantial evidence, each element of a hypothetical must accurately describe the Claimant." (Doc. #10 at 10 (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)). Then, however, Donald simply states in conclusory fashion that "because each element of the [ALJ's] hypothetical does not accurately describe [him] in all significant, relevant respects, the VE's testimony at the hearing should not constitute substantial evidence." (*Id.*). Although Donald phrases this as a Step Five finding, the Court concludes that Donald is attempting to refute the RFC finding via a purported Step Five error. *See Kirchner v. Colvin*, 2013 WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013) ("Kirchner's Step Five argument is a veiled attack on the ALJ's underlying RFC finding" because "this is not a scenario where the ALJ's hypothetical

13

failed to match up to the RFC he ultimately imposed.").

To the extent Donald argues that the ALJ's hypothetical was deficient, it appears he believes it should have included a requirement that he would be off task more than 15% of a workday and/or that he would be absent from work more than two days per month. (Doc. #10 at 11). Upon questioning by Donald's attorney, the VE testified that either of these limitations would preclude all competitive work. (Tr. 57-58). The problem, however, is that there simply is no evidence in the record that Donald was so limited. Although Donald did testify that, in his previous employment, he missed work "[p]lenty of times," he did not quantify the number of days he missed or otherwise indicate that he was absent more than two days a month. (Tr. 53). And, there is <u>no</u> indication (even via Donald's own testimony) that his elbow pain would cause him to be off task more than 15% of the workday. Moreover, Donald points to no medical evidence supporting either of these limitations. Accordingly, the ALJ was not required to include such limitations in the hypothetical question she posed to the VE. *See Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003) (an ALJ is only required to pose those hypothetical limitations that he finds credible); *see also Cookman v. Comm'r of Soc. Sec.*, 2013 WL 6631463, at *9 (E.D. Mich. Dec. 17, 2013) (same). As such, Donald's argument that the ALJ formed an inaccurate hypothetical lacks merit.

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Donald's Motion for Summary Judgment **[10]** be **DENIED**, the Commissioner's Motion **[14]** be **GRANTED**, and this case be **AFFIRMED**.

| | |
|---|---|
| Dated: February 23, 2015 | s/David R. Grand |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

## REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. *See* E.D. Mich. L.R. 72.1(d)(2).

*Note these additional requirements at the direction of Judge Michelson:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2015.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager